UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL BURREGI                                                           CIVIL ACTION

VERSUS                                                                   No. 22-4690

QBE SPECIALTY                                                            SECTION I
INSURANCE COMPANY

### ORDER & REASONS

Before the Court is a motion[1] for partial summary judgment filed by defendant QBE Specialty Insurance Company ("defendant"). Plaintiff Samuel Burregi ("plaintiff") opposes the motion.[2] For the reasons set forth below, the Court grants in part and denies in part the motion for partial summary judgment.

### I. BACKGROUND

The present action concerns plaintiff's property that was damaged by Hurricane Ida.[3] The property was subject to an insurance policy (the "Policy") issued by defendant.[4] Plaintiff asserts that defendant failed to timely pay the amount owed to plaintiff after plaintiff provided satisfactory proof of loss.[5] Plaintiff alleges breach of contract, negligent claims adjusting, and violations of La. R.S. § 22:1892, La. R.S. § 22:1973, and La. R.S. § 51:1401.[6]

---

[1] R. Doc. No. 25.
[2] R. Doc. No. 26.
[3] R. Doc. No. 1-1, at 6.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 7–11.

Defendant moves for summary judgment on two issues: whether coverage is available pursuant to the "Other Structures" section of the Policy ("Other Structures Coverage") and whether plaintiff is entitled to damages for replacing the kitchen cabinets, the kitchen granite countertops, an office desk, and the vinyl flooring throughout the property.[7] Defendant argues the plaintiff did not obtain Other Structures Coverage when plaintiff purchased the Policy and therefore is not entitled to recover pursuant to that line of coverage.[8] Defendant also argues that the kitchen cabinets, the kitchen granite countertops, the office desk, and the vinyl flooring claimed by plaintiff were damaged during the mitigation work and are therefore excluded from coverage pursuant to the terms of the Policy.[9]

In response, plaintiff argues that his entitlement to Other Structures Coverage is not an issue over the Policy language, but rather an issue over "the actions taken by [defendant] that obligated it to pay for [Other Structures] [C]overage."[10] More specifically, plaintiff asserts that when the third-party adjuster included damages for other structures in his estimate, defendant became obligated to pay the agreed upon damages and it would be bad faith for defendant not to pay.[11] Plaintiff also argues that, because the kitchen cabinets, the granite countertops, and the office desk were custom built-ins, they had to be removed to repair the water damage behind them

---

[7] R. Doc. No. 25-1, at 1–2.
[8] *Id.* at 5.
[9] *Id.* at 9.
[10] R. Doc. No. 26, at 3.
[11] *Id.*

2

and the Policy clearly covers this damage.[12] With respect to the floors, plaintiff argues that the floors were damaged by removal of the custom built ins and, because the floors are continuous throughout the house, all the floors must be replaced to put plaintiff back in his "pre-loss condition."[13] Plaintiff also states that water leaks caused additional damage to the floor.[14]

## II. STANDARDS OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a

---

[12] *Id.* at 6.
[13] *Id.* at 6–7.
[14] *Id.* at 7.

3

genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . ., the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be

4

believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III.   ANALYSIS

As discussed, defendant moves for partial summary judgment, arguing that plaintiff is not entitled to certain coverages pursuant to the Policy.[15] Neither party disputes that Louisiana law governs this matter.[16] Pursuant to Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co.*, 848 So. 2d 577, 580 (La. 2003). While the general standard for interpretation is the intent of the parties, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." *In re Katrina Canal Breaches Litig.*, 495 F. 3d 191, 207 (5th Cir. 2007) (quoting La. Civ. Code art. 2046). Accordingly, "[i]f the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written." *Id.* (quoting *Cadwallader*, 848 So. 2d at 580).

The Court first addresses the Other Structures Coverage. Pursuant to the disclosures required by the Louisiana Department of Insurance, the Policy explicitly notes which coverage(s) for which premium was paid.[17] The Policy is clear that

---

[15] R. Doc. No. 25, at 1.
[16] Plaintiff's complaint asserts claims pursuant to Louisiana law. *See generally* R. Doc. No. 1-1. Defendant's motion for summary judgment invokes Louisiana law to analyze whether plaintiff is entitled to coverage. *See generally* R. Doc. No. 25-1.
[17] R. Doc. No. 25-3, at 3.

plaintiff did not elect Other Structures Coverage.[18] The Policy agreement says defendant "will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy."[19] Plaintiff did not pay for Other Structures Coverage and therefore is not entitled to coverage pursuant to the clear and explicit terms of the Policy. *See In re Katrina Canal Breaches Litig.*, 495 F. 3d at 207.

Plaintiff concedes "he is not entitled to the full value of his 'other structures' damage."[20] But plaintiff asserts that when the third-party adjuster included damages for fencing in the estimate, that obligated defendant to pay those damages.[21] Plaintiff cites no caselaw or other support for his contention that the fact that the adjuster included an estimate for other structures somehow entitles plaintiff to coverage beyond the scope of the Policy. Plaintiff has not demonstrated there is a genuine issue of material fact as to this claim and summary judgment is appropriate with respect to this issue.

The Court next addresses plaintiff's claims for damages to the kitchen cabinets, the granite countertops, the office desk, and the vinyl floors. Defendant argues that these damages are excluded pursuant to the Policy because the Policy excludes damages caused by "[f]aulty, inadequate, or defective . . . workmanship, repair, construction, renovation, remodeling, . . . [and] [m]aintenance."[22] According to

---

[18] *Id.*
[19] *Id.* at 13.
[20] R. Doc No. 26, at 3.
[21] *Id.*
[22] R. Doc. No. 25-3, at 25.

defendant, plaintiff does not dispute that the damages were caused by "demolition and mitigation work."[23] In response, plaintiff argues that defendant "can point to absolutely no evidence in the record" demonstrating that the damage was caused by faulty, inadequate, or defective workmanship or repair as required to establish the damages are excluded pursuant to the Policy.[24]

As plaintiff notes, the Policy only excludes repairs caused by faulty, inadequate, or defective workmanship or repairs. Defendant has not submitted any evidence showing the damage was caused by faulty, inadequate, or defective workmanship or repairs. Rather, as plaintiff describes, because the cabinets, desk, and floors were built-ins, removing them could cause damage even if they were adequately removed. In fact, plaintiff has submitted testimony from the owner of the mitigation company that efforts were made to preserve the cabinets, countertops, and office desk, but that these items could not be preserved.[25] Additionally, plaintiff argues that the floors were damaged by removing the custom desk and cabinets around which the floors had been installed.[26] Plaintiff also provides evidence from defendant's third-party adjuster and expert stating that damage to one area of the floor requires replacement of the flooring throughout the entire area because the

---

[23] R. Doc. No. 25-1, at 9.
[24] R. Doc. No. 26, at 6.
[25] *Id.* at 4.
[26] *Id.* at 6.

floors are continuous.[27] Plaintiff further asserts that water had leaked into the floors.[28]

Plaintiff has demonstrated that these damages could have occurred in the absence of faulty, inadequate, or defective workmanship or repairs. There is a genuine dispute of material fact as to whether the damages were caused by faulty, inadequate, or defective workmanship or repairs.

Defendant also argues that, even if it is not entitled to summary judgment pursuant to the terms of the Policy, the Court should grant it summary judgment with respect to plaintiff's floor damage claim because plaintiff admitted he was not seeking to recover damages for the floors.[29] In response, plaintiff argues that he has dementia and cannot be expected to fully understand the relief he is claiming and the relief to which he is entitled.[30] There is a genuine dispute of material fact with respect to recovery for floor damage and summary judgment is not appropriate.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that defendant's motion for partial summary judgment is **GRANTED IN PART** and **DENIED IN PART.** The motion is granted with respect to the Other Structures Coverage. The motion is denied with respect to plaintiff's

---

[27] *Id.* at 7.
[28] *Id.* at 7.
[29] R. Doc. No. 25-1, at 10.
[30] R. Doc. No. 26, at 7.

claims for damages to the kitchen cabinets, the granite countertops, the office desk, and the vinyl floors.

New Orleans, Louisiana, December 6, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**